UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | : | |
|---|---|---|
| RODERICK ROGERS, | : | |
|     Plaintiff, | : | CASE NO. 3:20-cv-1813 (MPS) |
| | : | |
| v. | : | |
| | : | |
| SCOTT SEMPLE, et al., | : | |
|     Defendants. | : | JANUARY 13, 2021 |
| | : | |

## ORDER

Plaintiff Roderick Rogers, incarcerated at Cheshire Correctional Institution in Cheshire, Connecticut, filed this case under 42 U.S.C. § 1983. He names twelve defendants: former Commissioners of Correction Scott Semple,[1] James Dzurenda, Leo Arnone, Theresa Lantz, James Armstrong, and Larry Meachum; Warden Henry Falcone, Director of Engineering and Facilities Management Stephen Links, former Director David Batten; and John Does 1-3. The plaintiff alleges that the defendants were deliberately indifference to his health by confining him in a facility with high levels of radon.

The Court must review prisoner civil complaints and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A. This requirement applies to all prisoner filings regardless whether the prisoner

---

[1] The plaintiff has copied the defendants and most of the contents of a class action complaint filed in 2017, *Vega v. Semple*, 3:17cv107(JBA)  Although Scott Semple was the Commissioner of Correction when that case was filed, he has since retired.  *See* portal.ct.gov/DOC/History/History-Commissioners.

pays the filing fee. *Nicholson v. Lenczewski*, 356 F. Supp. 2d 157, 159 (D. Conn. 2005) (citing *Carr v. Dvorin*, 171 F.3d 115 (2d Cir. 1999) (per curiam)). Here, the plaintiff is proceeding *in forma pauperis*.

Although detailed allegations are not required, the complaint must include sufficient facts to afford the defendants fair notice of the claims and the grounds upon which they are based and to demonstrate a plausible right to relief. *Bell Atlantic v. Twombly*, 550 U.S. 544, 555-56 (2007). Conclusory allegations are not sufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when a plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (internal quotation marks and citation omitted).

"Although courts must interpret a pro se complaint liberally, the complaint will be dismissed unless it includes sufficient factual allegations to meet the standard of facial plausibility." *See Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (citations omitted).

I.   <u>Allegations</u>

The plaintiff was housed at Garner Correctional Institution ("Garner") from October 26, 2018 until October 24, 2019. ECF No. 1 ¶ 14. Testing conducted in December 2013 and January 2014 showed levels of radon in excess of the EPA action level of 4.0 piC/L. *Id.* ¶ 30. The levels at Garner sometimes exceeded five times the EPA action level. *Id.* ¶ 31.

The defendants knew that inmates housed at Garner from its opening until the installation of the radon mitigation system in 2014 faced substantial harm from radon exposure but did nothing to abate it. *Id.* ¶ 125. Inmate housing units were not tested for radon. *Id.* ¶¶ 128, 130.

Correctional employees were informed of radon exposure in March 2014, but inmates were not told. *Id.* ¶ 136.

II.     Analysis

Although the plaintiff stated that he is filing a complaint asserting his own claims only, he has filed a class action complaint with allegations focusing on inmates confined at Garner in 2014 and earlier. The plaintiff was confined at Garner from October 2018 through October 2019, over four years after the period addressed in the class action.

To state a claim for deliberate indifference to health or safety, the plaintiff must show that the conditions of his confinement posed a substantial risk of serious harm and that prison officials were deliberately indifferent to his safety. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Deliberate indifference exists when prison officials know of and disregard an excessive risk to inmate safety. *See id.* at 837; *Bridgewater v. Taylor*, 698 F. Supp. 2d 351, 357 (S.D.N.Y. 2010) (explaining that defendants must be aware of facts supporting an inference that harm would occur and must actually draw that inference). A condition is sufficiently severe if it deprives an inmate of "basic human needs—e.g., food, clothing, shelter, medical care, and reasonable safety." *Phelps v. Kapnolas*, 308 F.3d 180, 185 (2d Cir. 2002) (quoting *Helling v. McKinney*, 509 U.S. 25, 32 (1993) (internal quotation marks omitted)).

The plaintiff alleges that he was exposed to radon during the year he was confined at Garner. Although the plaintiff does not allege that he suffered any radon-associated conditions, he need not have contracted an illness to state a cognizable claim. *See Helling*, 509 U.S. at 34-35 (inmate can state Eighth Amendment claim for exposure to unsafe conditions that pose unreasonable risk of harm to future health).

However, the plaintiff has alleged no facts relating to his confinement at Garner other than the dates of his confinement and it is not clear that he has identified any defendant responsible for his confinement at Garner.

The limitations period for filing a section 1983 action in Connecticut is three years. *Thompson v. Rovella*, 734 F. App'x 787, 788-89 (2d Cir. 2018); *see also Lounsbury v. Jeffries*, 25 F.3d 131, 134 (2d Cir. 1994) (analyzing available state limitations periods and determining that appropriate limitations period for section 1983 actions filed in Connecticut is three years).

The plaintiff alleges, for example, that defendant Meachum was Commissioner of Correction from 1987 to 1995, defendant Armstrong from 1995 to 2003, defendant Lantz from 2003 to 2009, defendant Arnone from 2010 to 2013, and defendant Dzurenda from 2013 to 2014. All these defendants were commissioners of correction over four years before the plaintiff was confined at Garner and over six years before he filed this action.

The allegations against all defendants relate to the period from the construction of Garner until the remediation in 2014. There are no allegations showing that any of the defendants were responsible for the plaintiff's transfer to Garner, that they took any actions within the limitations period, or even that they were employed by the Department of Correction when the plaintiff was transferred there in October 2018. It is well-settled in this circuit that, to state a claim under section 1983, the plaintiff must allege the personal involvement of the defendants in the alleged constitutional violation. *Costello v. City of Burlington*, 632 F.3d 41, 49 (2d Cir. 2011) (citing *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994)). Absent allegations showing how the defendants were personally involved in the plaintiff's confinement at Garner, he fails to state a plausible claim.

III.     Conclusion

The Complaint is **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915A(b)(1). The plaintiff may file an amended complaint including only allegations relevant to his confinement at Garner from October 2018 through October 2019 and naming as defendants persons responsible for his confinement there.  The plaintiff shall file his amended complaint within twenty days from the date of this order.  If the plaintiff fails to timely file an amended complaint, the Clerk is directed to enter judgment and close this case.

**SO ORDERED** this 13th day of January 2021 at Hartford, Connecticut.

/s/
Michael P. Shea
United States District Judge